UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KATHLEEN NEW,

     **Plaintiff,**

CASE NO. 1:C7cv162 SPM/AK

vs.

**SADIE DARNELL, in her official capacity
as Sheriff of Alachua County, Florida,**

     **Defendant.**

_____/

## COMPLAINT

Plaintiff, KATHLEEN NEW, hereby sues Defendant, SADIE DARNELL, in her official

capacity as Sheriff of Alachua County, Florida, and alleges:

### NATURE OF THE ACTION

1.     This is an action brought under Chapter 760, Florida Statutes, 42 U.S.C. §2000e

et seq. and 42 U.S.C. §1981a.

2.     This is an action involving claims which are, individually, in excess of Seventy

Five Thousand Dollars ($75,000.00), exclusive of costs and interest. The jurisdiction of this

Court is invoked pursuant 28 U.S.C. §1331 (federal question jurisdiction), 28 U.S.C. §1343 (civil

rights claim jurisdiction), and 28 U.S.C. §1367 (supplemental jurisdiction for state claims).

### THE PARTIES

3.     At all times pertinent hereto, Plaintiff, KATHLEEN NEW has been a resident of

the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class

due to her gender, female and the fact that she reported discrimination adversely affecting her

and she was the victim of retaliation thereafter.

KNB

4.     Defendant, SADIE DARNELL, in her official capacity as Sheriff of Alachua County, Florida, is the successor in interest to the former Sheriff of Alachua County, Stephen Oelrich. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

5.     Plaintiff has satisfied all conditions precedent to bringing this action in that she filed charges of discrimination with the Florida Commission on Human Relations and properly removed her charges therefrom, after the expiration of 180 days, as authorized under §760.11, Florida Statutes. This action is timely brought thereafter. She also filed an administrative charge of discrimination with the EEOC and has appended her Notice of Right to Sue hereto which authorizes the filing of this action.

## STATEMENT OF THE ULTIMATE FACTS

6.     Plaintiff was originally employed with Defendant on March 10, 1992. During the course of her employment with Defendant, beginning in or around 2005, Plaintiff became the victim of gender discrimination in a promotion to the position of Lieutenant. A male, who was not qualified for the position of lieutenant, was promoted into this position on an acting basis and Plaintiff was denied the promotion.

7.     After a complaint was lodged, Plaintiff was promoted but only into a floating lieutenant position. She thereafter voiced objections to gender/sexual comments in the workplace and was the victim of retaliation and/or ongoing gender discrimination thereafter.

8.     Plaintiff was subsequently advised that she was going to be fired and she was sent home. After objecting to the termination, she was rehired/reassigned into a demoted position and was reassigned as a bailiff at the Courthouse.

2

9.      Because of the actions that Plaintiff reasonably and objectively believed

constituted discrimination, she filed a charge of discrimination with the Florida Commission on

Human Relations and EEOC in August, 2006.

10.     After she filed her charge, there was a pattern of retaliatory harassment that

culminated in Plaintiff's termination on contrived charges on March 8, 2007 and/or charges for

which males and/or persons who had not filed charges were not fired.

11.     Plaintiff has retained the undersigned to represent her interests in this cause and is

obligated to pay her a fee for her services.  Defendant should be made to pay said fee under

§760.11, Florida Statutes, and 42 U.S.C. §2000e et seq..

## COUNT I

## GENDER DISCRIMINATION

12.     Paragraphs 1-11 are realleged and incorporated herein by reference.

13.     This is an action against Defendant for gender discrimination.

14.     Defendant has taken action and allowed action to be taken against Plaintiff

because she is female.  During Plaintiff's employment with Defendant, she has was the victim of

harassment and disparate treatment with no action taken by Defendant to prevent or otherwise

correct a known problem.  Then after notice of gender based harassment and other forms of

discrimination described in part herein, Defendant delayed in taking action and caused additional

harassment and harm to Plaintiff including without limitation her termination.

15.     Defendant knew or should have known of the sex/gender based discrimination

perpetuated against Plaintiff and failed to take prompt and adequate remedial action or took no

action at all to prevent the abuses to Plaintiff.  The events set forth herein lead, at least in part, to

3

Plaintiff's termination.

16.     Defendant knowingly condoned and ratified the discrimination set forth above.

17.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

18.     Defendant's conduct and omissions constitute intentional discrimination and unlawful employment practices based upon gender/sex in violation of the state and federal laws applicable to this action.

19.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

## COUNT II

## RETALIATION

20.     Paragraphs 1-11 are hereby realleged and reincorporated as if set forth in full herein.

21.     Defendant is an employer as that term is used under the applicable statutes referenced above.

22.     The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under 42 U.S.C § 2000e *et seq.*, Title I of the Civil Rights Act of 1991 and Chapter 760, Florida Statutes.

23.     The foregoing unlawful actions by Defendant were purposeful.

4

24.    Plaintiff voiced opposition to unlawful employment practices during her

employment with Defendant and she was the victim of retaliation thereafter, as related in part

above. The events set forth herein lead, at least in part, to Plaintiff's termination.

25.    Plaintiff is a member of a protected class because she reported unlawful

employment practices and was the victim of retaliation thereafter. There is thus a causal

connection between the reporting of the unlawful employment practices and the adverse

employment action taken thereafter.

26.    As a direct and proximate result of the foregoing unlawful acts and omissions,

Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits,

embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the

enjoyment of life, and other tangible and intangible damages. These damages are continuing and

are permanent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a)    that process issue and this Court take jurisdiction over this case;

(b)    that this Court grant equitable relief against Defendant under the

applicable counts set forth above, mandating Defendant's obedience to the laws enumerated

herein and providing other equitable relief to Plaintiff;

(c)    enter judgment against Defendant and for Plaintiff awarding  damages to

Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)    enter judgment against Defendant and for Plaintiff permanently enjoining

Defendant from future violations of federal law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff

attorney's fees and costs; and

        f)      grant such other further relief as being just and proper under the

circumstances

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

DATED this _____ day of September, 2007.

                          MARIE A. MATTOX, P.A.
                          310 East Bradford Road
                          Tallahassee, FL 32303
                          (850) 383-4800 (telephone)
                          (850) 383-4801 (facsimile)

                          Marie A. Mattox
                          ATTORNEYS FOR PLAINTIFF

6

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | **Kathleen New**<br>**2530 Northwest 10th Avenue**<br>**Gainesville, FL 32605** | From: | **Miami District Office**<br>**2 South Biscayne Blvd**<br>**Suite 2700**<br>**Miami, FL 33131** |

| | ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **15D-2006-03647** | **Ozzie L. Black,**<br>**Deputy Director** | **(305) 808-1827** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

**ᴶUN 0 4 2007**

Enclosures(s)

**Federico Costales,**
**District Director**

*(Date Mailed)*

cc:  **ALACHUA CO SHERRIFS OFFIC**
**c/o Cynthia M. Wwygant, Esquire**
**Post Office Box 1210**
**Gainesville, FL 32602**

**Marie A. Mattox, Esq.**
**310 East Bradford Road**
**Tallahassee, FL 32303**