UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KATHLEEN NEW,

       Plaintiff,

v.                                            CASE NO. 1:07-cv-162-SPM/AK

SADIE DARNELL, in her official
capacity as Sheriff of Alachua County,
Florida,

       Defendant.
_____/

## DEFENDANT'S MOTION TO STRIKE

COMES NOW Defendant, SADIE DARNELL, in her official capacity as Sheriff of Alachua County, Florida, pursuant to Fed. R. Civ. P. 12(f) and 56(e), and N.D. Fla. Loc. R. 7.1, and moves this Honorable Court to strike Plaintiff's Affidavit, which was filed concurrently with Plaintiff's Response and Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, in its entirety or, in the alternative, portions thereof, and in support thereof states:

1.    Kathleen New ("Plaintiff") has petitioned the Court for relief on several theories of recovery, including gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e *et seq.*) and the Florida Civil Rights Act ("FCRA") (Fla. Stat. §§ 760.10 *et seq.*).

2. Plaintiff's claims arise out of the denial of promotion, demotion, and ultimately, separation from, the Alachua County Sheriff's Office ("ACSO").

3. Defendant, Sadie Darnell ("Darnell"), filed her Motion for Summary Judgment,[1] Memorandum of Law[2] and Statement of Undisputed Facts[3] with this Court on or about July 18, 2008.

4. On or about August 22, 2008, Plaintiff submitted her Response and Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment.[4]

5. In support of her Memorandum of Law in Opposition, Plaintiff included her forty-five (45) page, sworn affidavit.[5]

6. The entire affidavit should be stricken by the Court, as it is replete with statements that are conclusory and argumentative in nature or are redundant with Plaintiff's deposition testimony.

7. Furthermore, the affidavit represents an attempt by Plaintiff to thwart the Court's twenty-five (25) page limit on legal memoranda. N.D. Fla. Loc. R. 7.1(A).

8. Alternatively, the Court should strike those portions of the affidavit that are non-compliant with the personal knowledge requirements delimited by the Federal Rules of Civil Procedure or which are inadmissible hearsay.

9. The stricken portions of the affidavit should be omitted from the Court's consideration of Darnell's pending Motion for Summary Judgment.[6]

---

[1] Dkt. 45.
[2] Dkt. 46.
[3] Dkt. 47.
[4] Dkt. 57.
[5] *Id.* at Exh. 149.

10.   Pursuant to the requirements of N.D. Fla. Loc. R. 7.1(B), the undersigned has conferred with opposing counsel in good faith regarding this Motion, however, the parties were unable to reach an extrajudicial resolution.

WHEREFORE, Defendant, Sadie Darnell, respectfully moves this Honorable Court to strike Plaintiff's affidavit in its entirety, or the improper portions thereof, omit the stricken material from the Court's determination of Darnell's pending Motion for Summary Judgment.

## MEMORANDUM OF LAW

In accordance with N.D. Fla. Loc. R. 7.1(A), Darnell respectfully submits the following Memorandum of Law in support of her Motion to Strike.

### I.   Standard for granting a motion to strike.

Upon motion by a party, "redundant, immaterial, impertinent, or scandalous matter" is appropriately stricken. Fed. R. Civ. P. 12(f). Specifically, affidavits in support of or in opposition to a Motion for Summary Judgment are subject to being stricken under Fed. R. Civ. P. 12(f) if they do not comply with Fed. R. Civ. P. 56(e). *Molodecki v. Robertson Display, Inc.*, 2002 WL 34421226 *1 (M.D. Fla. 2002). Compliance with Fed. R. Civ. P. 56(e)(1) demands that affidavits "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Statements in affidavits which are not based on personal knowledge, constitute hearsay, or are irrelevant do not comply with the requirements of

---

[6] Plaintiff relies on the affidavit in both her Response and Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment (Dkt. 57) and in her Statement of Disputed Material Facts in Opposition to Summary Judgment (Dkt. 56).

48467-2

Fed. R. Civ. P. 56(e)(1). *Molodecki*, 2002 WL 34421226 at *1; *Johnson v. Scotty's, Inc.*, 119 F. Supp. 2d 1276, 1281 (M.D. Fla. 2000). Once non-compliant statements are stricken, they cannot be considered by the court when ruling on a motion for summary judgment. *Molodecki*, 2002 WL 34421226 at *1. Accordingly, Plaintiff's statements should be stricken and disregarded by the Court as It considers Darnell's pending Motion for Summary Judgment.

## II. Plaintiff's affidavit should be stricken in its entirety because it is conclusory and argumentative in nature, and is an attempt at dodging this Court's local rules regarding memorandum length.

Plaintiff's affidavit should be stricken because it is not the proper vehicle for making arguments or drawing conclusions. *Henry v. City of Tallahassee*, 216 F. Supp. 2d 1299, 1308-09 (N.D. Fla. 2002).[7] In *Henry*, the court granted defendant's motion for summary judgment and, in doing so, did not consider numerous portions of plaintiff's affidavit. *Id.* at 1320. The court disregarded those portions because it agreed with defendant's contentions that many of statements were "arguments, improper opinions, conclusions, [were] not based on personal knowledge, or [were] inadmissible hearsay." *Id.* at 1308. Additionally, the Court held that Henry's affidavit was in violation of the Northern District's Local Rules, further justifying striking the affidavit. *Id.* at 1307-08.

Plaintiff makes several different types of arguments in her affidavit, from legal arguments to conclusions the fact-finder would be charged with making. Legal argument is improper in an affidavit. *Teblum v. Eckerd Corp. of Florida, Inc.*, 2006 WL 288932 *1 n.3 (M.D. Fla. 2006) (striking entire affidavits because "such affidavits contain hearsay

---

[7] Notably, Plaintiff's Counsel was counsel of record in *Henry*.

and *legal analysis*, without the personal knowledge of the affiants") (emphasis added). In this case, Plaintiff concludes that "[her] promotion was adversely affected by [her] complaint against Burnette...." (Pl.'s Aff. ¶ 9.) She goes on to say "[i]t was not a coincidence that all of these reports were solicited shortly after I testified against Whitney Burnette..." (*Id.* ¶ 34.) In discussing the employment history of another ACSO deputy, Plaintiff states "[t]hat she is 'always like that' is not an excuse for the behavior or for the supervisors to allow it to continue." (Id. ¶ 77.) These statements are not short statements of fact, based on what the affiant has personally observed, as contemplated by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 56. Rather, they are improper conclusory statements, if not legal arguments, which advance Plaintiff's theories of recovery.

Plaintiff had an opportunity to persuade the Court as to her legal position when she submitted her twenty-four (24) page Response and Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment.[8] This Court has limited the length of such memoranda to twenty-five (25) pages absent a showing of good cause and a prior order of the Court. N.D. Fla. Loc. R. 7.1(A). As Plaintiff's counsel is surely aware, the local rules have the force of law. *Henry*, 216 F. Supp. 2d at 1310. Plaintiff essentially sidesteps this Court's rules because Plaintiff's affidavit is permeated with legal arguments and conclusions, which have their place in memoranda of law. Therefore, the Court should strike Plaintiff's affidavit as it effectively violates the local rules of this Honorable Court.

---

[8] Dkt. 57.

48467-2

5

In addition to conclusions of law, Plaintiff also improperly, if not subtly, states her opinion as though it were fact. Opinions are improper where the affiant is not competent to testify. *Ali v. City of Clearwater*, 915 F. Supp. 1231, 1236 (M.D. Fla. 1996) ("An affiant may state his or her opinion 'only where it appears that the affiant is competent to give an expert opinion.' However, an affiant may not engage in conclusory argument, *legal or otherwise*.") (internal citations omitted) (emphasis added). In several paragraphs, for instance, Plaintiff suggests that a note was written in Captain Love's handwriting. (Pl.'s Aff. ¶¶ 47, 49.) Plaintiff has not presented any basis to support her qualifications to give such an opinion on Captain Love's handwriting. *See* Fed. R. Evid. 901(b)(2), (3). Plaintiff also provides her opinion that "[n]o investigation is complete without thorough attention to all sides of the issue." (*Id.* ¶ 59.) She then opines as to the mental states several ACSO members, including Sergeant DeCoursey, whom she alleges reported on her level of sick leave usage "perhaps to show some sort of unbiased balance" (*Id.* ¶ 98), and Captain Love who "reluctantly listened to [her]" (*Id.* ¶ 15).

A plaintiff's burden in opposing a defendant's Motion for Summary Judgment is to point to specific material facts which are in dispute that would alter the legal outcome of the case, not to argue the credibility of evidence. *Ali*, 915 F. Supp. at 1238 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-55 (1986)); *see also Thompson v. Fairfield*, 2000 WL 33992494 (N.D. Fla. 2000). Therefore, Plaintiff's improper opinions regarding the law, the facts, and encouragement that the Court weigh the credibility of the evidence should be stricken.

### III. Plaintiff's affidavit should be stricken in its entirety because it is redundant with Plaintiff's existing deposition testimony.

In addition to the arguments already articulated, Plaintiff's affidavit should be stricken in its entirety because it is redundant with Plaintiff's extensive deposition testimony. "The Court has discretion under Rule 12(f) to grant a motion to strike any *redundant*, immaterial, impertinent, or scandalous matter." *Henry*, 216 F. Supp. 2d at 1308 (emphasis added). Plaintiff's affidavit should be stricken pursuant to Fed. R. Civ. P. 12(f) because it is redundant with existing evidence.

Plaintiff's affidavit can be summarized as having seven (7) parts. They include: (1) Plaintiff's performance record, including the results of her examination for lieutenant (*Id.* ¶¶ 1-15); (2) Plaintiff's recollection of the gender-biased comment allegedly made by Lieutenant Burnette (*Id.* ¶¶ 11-16); (3) the promotion of others to open positions (*Id.* ¶¶ 17-22); (4) her placement in the position of floating lieutenant (*Id.* ¶¶ 23-32); (5) her suspension, the investigation into report falsification and illicit computer usage, and subsequent reinstatement (*Id.* ¶¶ 33-68); (6) her assignment to the civil and criminal courthouses and performance evaluations therein (*Id.* ¶¶ 69-99); and, (7) the investigation related to her untruthfulness and her termination as a result (*Id.* ¶¶ 100-23). Each of these parts has a correlative section in Plaintiff's existing deposition testimony. Plaintiff's affidavit matches up with the sections in her deposition as follows: (1)—Pl's Dep. 11-25, 35-41; (2)—Pl's Dep. 55-74; (3)—Pl's Dep. 42-43, 47-53; (4)—Pl's Dep. 44-47, 74-79; (5)—Pl's Dep. 26-34, 80-145; (6)—Pl's Dep. 145-77; and, (7)—Pl's Dep. 178-87. Therefore, Plaintiff's affidavit is merely cumulative of evidence already available, and should be stricken accordingly.

48467-2

## IV. Portions of Plaintiff's affidavit are properly stricken because they are not based on personal knowledge.

Multiple paragraphs of Plaintiff's affidavit should be stricken from the record because they are not based on personal knowledge. Personal knowledge is a requirement for a valid affidavit under Fed. R. Civ. P. 56(e), and it can be "established by showing that the witness was in a physical position to see, hear, or otherwise perceive the matters to which the testimony relates." *Johnson*, 199 F. Supp. 2d at 1281. Because Plaintiff either admits to a lack of personal knowledge or was not in a "physical position to see, hear, or otherwise perceive" the matters to which she swears in her affidavit, the affidavit should be stricken.

At minimum, the Court would be justified in striking the contents of Plaintiff's affidavit in which she admits that she has no personal knowledge. The most blatant example may be found in paragraph 66. Plaintiff concludes this paragraph, by stating "I do not have personal knowledge of this and repeat only what I have been told." (Pl.'s Aff. ¶ 66.) In addition to Plaintiff's statement in paragraph 66 being openly in violation of Fed. R. Civ. P. 56(e), it casts doubt on the veracity of Plaintiff's affirmation at the beginning of the affidavit that the matters within the affidavit are based on personal knowledge. (Pl.'s Aff.) This doubt is expanded when the Court closely examines many of the terms Plaintiff uses to preface other statements in her affidavit. For example, she uses terms like "I presume" (*Id.* ¶ 16), "[l]ittle did I know" (Id. ¶ 32), "apparently" (*Id.* ¶ 82), and "had the impression" (*Id.* ¶ 101). She frequently even acknowledges that she was not in a position to personally observe the events to which she attests. As a prime example, Plaintiff states that "behind [her] back, phone calls and furtive meetings were

being held, sometimes with [her] in the very next room." (*Id.* ¶ 32.) If the phone calls and meetings were indeed "furtive", "behind [her] back", and "in the very next room" then she necessarily was not in a "physical position to see, hear, or otherwise perceive" these events.

In fact, Plaintiff was not in a position to perceive many of the events to which she attests, therefore portions of her affidavit should be stricken as speculative. Assertions in an affidavit that are based on or the result of speculation are routinely stricken by courts. *See, e.g., id.* at 1283; *BigGro §.com, Inc., v. Sales 360, LLC*, 2006 WL 539526 *2 (M.D. Fla. 2006). Plaintiff's affidavit is rife with statements that are not founded on personal observation. In paragraph 48, for example, she states that "[n]o one else's computer usage was examined but mine." (Pl.'s Aff. ¶ 48.) Plaintiff was not employed in a capacity at the ACSO to be able to have personally observed whose computer usage was examined aside from hers, or which other ACSO members were or were not investigated or disciplined. She argues that she was disciplined for things "which had all of a sudden become an officer safety issue for [her] alone"[9] (*Id.* ¶ 92) and that "[n]o deputy has ever been reprimanded or fired for this huge officer safety breach" (*Id.* ¶ 114). She compares her misconduct to an incident involving Deputy Coppock, and claims that "[n]o action was ever taken [sic] reference this incident" (*Id.* ¶ 115.) She also speculates that her requests for supervisory review of Captain Love's investigation were ignored. (*See id.* ¶ 61.) Plaintiff could not have personal knowledge of such supervisory decisions,

---

[9] In addition to Plaintiff's statement lacking basis in personal knowledge, Darnell would state that the ACSO criminal courthouse bailiffs were always monitored for safety issues.

48467-2

assuming *arguendo*, they were made. Without the requisite personal knowledge, these statements merit being stricken by the Court.

## V. Many of Plaintiff's statements should be stricken because they constitute inadmissible hearsay.

Many of Plaintiff's statements in her affidavit are inadmissible hearsay and warrant being stricken. It is well-settled that hearsay statements are correctly stricken and disregarded by the court in weighing the merits of a pending motion for summary judgment. *See, e.g., Fed'l Trade Comm'n v. Peoples Credit First, LLC*, 2005 WL 1785219 (M.D. Fla. 2005). Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801. Without an applicable exception, such statements are inadmissible. Fed. R. Evid. 803; *Summers v. Winter*, 2008 WL 576489 *5 (N.D. Fla. 2008). Because statements in paragraphs 36, 82, 88, 89, 99, and 107 of Plaintiff's affidavit are being introduced for the truth of the matter asserted, do not fall under any of the exceptions to the hearsay rule, and are therefore inadmissible, they are justifiably stricken.

Statements in paragraphs 82 and 107 should be stricken as they being made for the truth of the matters they assert and are without hearsay exception. In paragraph 82, Plaintiff repeats what a court clerk said about each judge's courtroom setup preference. (Pl.'s Aff. ¶ 82.) Then, in paragraph 107, she repeats the statements of Assistant State Attorney Chang and Judge Lott. (*Id.* ¶ 107.) The latter statements regarded Plaintiff's having violated agency policy while on duty in Judge Lott's courtroom. (*Id.*) Darnell asserts that Plaintiff's inability to properly carry out her duties, including Plaintiff's

48467-2

10

violation of agency policy in Judge Lott's courtroom, are some of the actual, non-gender-based and non-retaliatory factors underlying Plaintiff's dismissal. (*See* Def.'s Memo. of Law in Support of Summary Judgment § VI.) Plaintiff is attempting to introduce the out-of-court statements of the clerk, Assistant State Attorney Chang, and Judge Lott to contradict Darnell's assertion, making the statements hearsay, as they are being introduced for their truth. Because they are hearsay statements without exception, paragraphs 82 and 107 merit being stricken.

Paragraph 36 presents issues of multiple levels of hearsay without exception, and should be stricken. Where hearsay within hearsay is present, each level of hearsay must be vindicated by an exception for the statement as a whole to be admissible. Fed. R. Evid. 805; *Williamson v. Sacred Heart Hosp. of Pensacola*, 1993 WL 543002 *16 n.29 (N.D. Fla. 1993). In paragraph 36, Plaintiff discusses her friend having found her "despondent" in her yard, then calling another friend. (Pl.'s Aff. ¶ 36.) Plaintiff goes on to detail the telephonic interaction between her two friends. (*Id.*) Plaintiff further recounts the advice that her physician gave to one of her friends. (*Id.*) This is an example of triple hearsay—a speaker asserting something to a listener, who repeated it to Plaintiff, who is now telling the Court—where at least one level cannot meet an exception. Moreover, because Plaintiff's final sentence is in the passive voice, readers cannot even know *who* the person is that diagnoses her as depressed. (*Id.* ("I was later released and diagnosed as depressed.")) Without having information as to who the speaker was, the Court cannot even properly examine whether a hearsay exception would apply. Therefore, the statement should be stricken.

48467-2

11

Where neither the Court nor Darnell can identify the source of the hearsay statement, the statement should be stricken. *Watson v. Adecco Employment Svcs., Inc.*, 252 F. Supp. 2d 1347, 1352 (M.D. Fla. 2003). For example, in paragraph 88, Plaintiff indicates that she "became the recipient of almost daily verbal comments…" (Pl.'s Aff. ¶ 88.) Plaintiff also attempts to bolster her case with the statements of "[o]ne citizen" who commended her. (*Id.* ¶ 99.) Presumably, Plaintiff is aware of the identity of the "[o]ne citizen" and the origin(s) of the "daily verbal comments." However, Plaintiff does not give the Court enough information to determine whether an exception to the hearsay rule would apply.

On occasion the Plaintiff acknowledges that she is unaware of some of the sources of the hearsay. In paragraph 89, she states that "there was *no identified 'reporting' person* and again, this stemmed from another *mystery person* observing me on camera." (*Id.* ¶ 89) (emphasis added). Plaintiff has had every opportunity through discovery[10] to inquire as to the identities of the "'reporting' person" and the "mystery" observer. That she has failed to do so should not allow her to benefit by asking this Court to consider these statements as it weighs the merits of Darnell's Motion for Summary Judgment. The statements should therefore be stricken.

---

[10] Plaintiff made 131 Requests for Production, propounded seventeen (17) Interrogatories on Darnell, and has taken over a dozen depositions in the course of this litigation.

48467-2

Respectfully submitted this 11th day of September, 2008.

/s/ R. W. Evans
**R.W. EVANS, ESQUIRE**
Florida Bar No. 198862
**ALLEN, NORTON & BLUE, P.A.**
906 North Monroe Street, Suite 100
Tallahassee, Florida 32303
(850) 561-3503
(850) 561-0332 (Facsimile)
wevans@anblaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 11, 2008, I electronically filed this document by using the CM/ECF system, which will send a notice of electronic filing to Marie Mattox, Esq., Marie A. Mattox, P.A., 310 East Bradford Road, Tallahassee, Florida 32303.

/s/ R. W. Evans
R. W. EVANS

48467-2