UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KATHLEEN NEW,

        Plaintiff,

v.                                                                          CASE      NO.      1:07-CV-162-SPM/AK

SADIE   DARNELL,   in   her   official
capacity   as   Sheriff   of   Alachua   County,
Florida,

        Defendant.

_____/

## DEFENDANT'S TRIAL BRIEF

Defendant submits this trial brief in accordance with the pretrial order of this Court.

## I.    INTRODUCTION

The Plaintiff has alleged violations of Title VII, 28 U.S.C. § 2000e *et seq.*, and the

Florida Civil Rights Act (FCRA), Sections 760.10 *et seq.*, Fla.Stat.  In particular, the Plaintiff

contends that she was subject to gender discrimination and retaliation when she was denied a

promotion to the position of public information officer.  She also alleges that she was subject to

gender discrimination and retaliation when she was demoted from her position as a lieutenant to

deputy sheriff in February 2006 and terminated from her employment as a deputy sheriff in

March 2007.  Plaintiff's claims fail due to the record in this case and the applicable case law.

## II.    DENIAL OF PROMOTION

To establish a prima facie case of discriminatory failure to promote, the Plaintiff must

show that "other equally or less qualified employees who were not members of the protected

class were promoted." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1089 (11th Cir. 2004).  In

the present case, Plaintiff's prima facie case fails because she was never denied a promotion to lieutenant.

The crux of Plaintiff's denial of promotion claim is that Sgt. Keith Faulk was assigned to an acting lieutenant's position in the Public Information Bureau, rather than the Plaintiff being promoted to lieutenant in the Public Information Bureau. Sheriff Oelrich selected Faulk, who was then a sergeant in the Public Information Bureau, to perform the duties of an acting lieutenant as the public information officer, but Oelrich never promoted Faulk to lieutenant.

At the same time Faulk was assigned to the position of acting lieutenant, New was promoted to lieutenant. Apparently dissatisfied with her assignment following her promotion to lieutenant, New contends that the Sheriff should have not only promoted her to lieutenant, but also assigned her to the position of public information officer.

Plaintiff's denial of promotion claim obviously fails because the Sheriff's assignment of Faulk to the position of acting lieutenant/public information officer did not deny the Plaintiff a promotion. In addition, her lack of previous experience in the Public Information Bureau, in contrast to Faulk, undermines any contention that the Sheriff's promotional decisions were pretextual because of gender. The Plaintiff may not establish that Oelrich's employment decision is pretextual by questioning the wisdom of the decision if the reason might motivate a reasonable employer. *Lee v. GTE Florida, Inc.*, 226 F.3d 1249, 1253 (11th Cir. 2000). Thus, even if a prima facie case exists, there is no genuine issue of material fact to establish pretextual motivation.

Plaintiff's contention that her failure to be promoted as lieutenant/public information officer was retaliatory for protected activity also fails. To support a retaliation claim, the Plaintiff must show the following: (1) a statutorily protected expression; (2) an adverse

employment action; and (3) a causal link between the protected expression and the adverse action. *Raney v. Vinson Guard Service, Inc.*, 120 F.3d 1192, 1196 (11th Cir. 1997) citing *Hairston v. Gainesville Sun Publishing Co.*, 9 F.3d 913, 919 (11th Cir. 1993). If a prima facie case is established, the burden shifts to the Defendant to produce a legitimate nondiscriminatory reason for the adverse employment action. *Raney*, 120 F.3d at 1196. If a legitimate reason is proffered, the burden then shifts to the Plaintiff to raise genuine factual issues as to whether the Defendant's proffered is pretextual for retaliation. *Id.*

In the instant case the Plaintiff's retaliation claim fails because she cannot demonstrate protected activity. Two forms of statutorily protected conduct are recognized under Title VII: (1) opposition to an unlawful employment practice (the opposition clause); and (2) making a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Subchapter 6 of Ch. 21 of Title 41 (the participation clause). 42 U.S.C. § 2000e-(3)(a); *Clover v. Total Systems Services, Inc.*, 176 F.3d 1346, 1350 (11th Cir. 1999). Because the Plaintiff did not file her first charge of discrimination until August 2006, any statutorily protected conduct relating to Plaintiff's denial of promotion claim must be recognized under the opposition clause.

To satisfy protected activity under Title VII, an employee who seeks protection under the opposition clause must have a "good faith, reasonable belief" that the employer has engaged in unlawful discrimination. *Clover*, 176 F.3d at 1351 (11th Cir. 1999), quoting *Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 960 (11th Cir. 1997). The objective reasonableness of the alleged protected activity is measured against existing substantive law. *Clover*, 176 F.3d at 1351, citing *Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385, 1388 n.2 (11th Cir. 1998).

New relies on her complaint to Capt. Love in September 2005 as well as her testimony in the internal investigation of Lt. Whitney Burnett in December 2005 alleging that he had made comments that she was not qualified to be a lieutenant and that women had no place in law enforcement. However, this isolated remark that may be defamatory to women[1] hardly rises to the level of severity and frequency required by the Supreme Court or the Eleventh Circuit to sustain a sexually hostile work environment. *See Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993) (finding that the mere utterance of an offensive epithet does not sufficiently affect the conditions of employment to implicate Title VII); *see also McCann v. Tillman*, 526 F.2d 1370, 1378 (11th Cir. 2008) (instances of racially derogatory language held to be too sporadic and isolated to establish a racially hostile work environment in Title VII).

This retaliation claim also fails due to the inability of the Plaintiff to establish causation between the alleged protected activity and her termination. To establish the causal connection element, the Plaintiff must show that the protected activity in the adverse action is not wholly unrelated. *Brungart v. BellSouth Telecommunications, Inc.*, 231 F.3d 791, 799 (11th Cir. 2000), citing *Clover*, 176 F.3d at 1354. There is no adverse employment action to satisfy the prima facie case because the Plaintiff was promoted to lieutenant. Although the Plaintiff may disagree with her assignment as a "floating lieutenant", there is no dispute that she was promoted to the rank of lieutenant. The practice of utilizing a floating position had been employed prior to Plaintiff's promotion.

As a consequence of the Supreme Court's opinion in *Burlington N. and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 405 (2006) the Plaintiff must establish an adverse employment action consisting of employer conduct which has a materially adverse effect on the plaintiff

---

[1]   The gender-neutral remark concerning Plaintiff's lack of ability to perform a lieutenant's duties would not be considered discriminatory for Title VII purposes. *See Gilbert v. Walt Disney Parks and Resorts, LLC*, 2005 WL

irrespective of whether it is employment or workplace-related.   126 S.Ct. 2415.   Plaintiff's

assignment to floating lieutenant can hardly be said to be materially adverse.   As a sergeant, she

had performed the role of acting lieutenant when the shift supervisor was absent from duties.

Thus, her assignment as a floating lieutenant to either supervise a shift in the absence of the shift

lieutenant or to otherwise assist shift supervisors in the operation of their shifts, could not

objectively be considered materially adverse.

Finally, Plaintiff's retaliation claim regarding denial of promotion is deficient because of

Plaintiff's inability to establish knowledge by Sheriff Oelrich of protected activity.   To establish

causation, the Plaintiff must show that the decision-maker was aware of the protected activity at

the time of the adverse employment action.   *See Raney*, 120 F.3d at 1192; *Brungart v. BellSouth*

*Telecommunications, Inc.*, 231 F.3d 791, 799 (11th Cir. 2000).   Sheriff Oelrich, however, had no

knowledge of complaints by New of any discriminatory comment.

## III.   DEMOTION

The Eleventh Circuit has employed two separate analyses in demotion cases.   One

analysis requires the plaintiff to demonstrate that she is a member of a protected class; she was

qualified for the job; she was demoted; and following her demotion she was replaced by

someone outside her protected class.   *Rioux v. City of Atlanta*, 520 F.3d 1269, 1275-76 (11th Cir.

2008), citing *Sturniolo v. Shaeffer, Eaton, Inc.*, 15 F.3d 1023, 1025 (11th Cir. 1994).   In the

present case, the Plaintiff was not replaced following her demotion.[2]   Therefore, this analysis

would not apply.

The other approach followed by the Eleventh Circuit tracks the test traditionally applied

in cases of claims of discrimination through circumstantial evidence.   In such cases, a plaintiff is

---

186336788 (M.D. Fla. 2005).

required to show that she belongs to a protected class; she was qualified for the job; and the misconduct for which the employee was demoted was the same or similar misconduct to that of a similarly situated employee outside of the protected class. *Rioux*, 520 F.3d at 1275-76 (11th Cir. 2008).  In these cases, "the quantity and quality of the comparators' misconduct [must] be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." *McCann*, 526 F.3d at 1373 quoting *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999).  The Plaintiff simply cannot meet this burden.

At the outset, it should be noted that the breadth of her misconduct which was the subject of the internal investigation distinguishes her from any other potential comparator.  The investigation sustained policy violations relating to her substandard job performance and untruthfulness.  As apparent from the investigation and complaints from other supervisors, the Plaintiff had a poor work ethic and a lackadaisical work attitude.  The investigation found that she failed to communicate with her supervisors or to share the supervisory responsibilities.  She neglected her duties by accessing eBay, and, most egregiously, falsified weekly patrol summaries as a sergeant and a lieutenant.  There is no male comparator whose conduct was remotely similar to the totality of the misconduct which was the subject of these sustained policy violations.

In addition, not only was the Plaintiff a supervisor at the time of her misconduct, but she was on probation as a consequence of her recent promotion.  Her probationary status is another distinguishing feature from any other comparator whom the Plaintiff may wish to identify.  *See Bicknell v. City of St. Petersburg*, 2006 WL 560167 (M.D. Fla.).  "In considering whether a plaintiff is similarly situated to her comparators, courts focus on whether employees are similarly

---

[2]   Only Hanson, Jones and the Plaintiff were eligible for promotion.  Following Plaintiff's demotion, there was no eligible candidate to be promoted.

situated in terms of employment status, such as whether the employee is 'probationary, tenured, part-time, etc. . . .'." *Id.* at *10 quoting *Moore v. State of Ala.*, 989 F.Supp. 1412, 1419 n.6 (M.D. Ala. 1997), *aff'd.* 178 F.3d 1303 (11th Cir. 1999).

The Plaintiff may allege that her former supervisor, Lt. Randy Coe, approved statistics to be estimated.[3] However, Capt. Love had not approved of such a practice, and concluded based upon his conversation with the Plaintiff that she had falsified her summary. It is well settled that "differences in treatment by different supervisors or decision makers can seldom be the basis for a viable claim of discrimination." *Silvera v. Orange Cty. School Bd.*, 244 F.3d 1253, 1261 n.5 (*citing Jones v. Gerwens*, 874 F.2d 1534, 1541 (11th Cir. 1989)). Moreover, there is no evidence that Sheriff Oelrich was aware that any supervisors were estimating, i.e., fabricating patrol summaries, presumably because they were no other complaints regarding this conduct.

The Plaintiff mistakenly relies upon the fact that other members of the Sheriff's Office played "fantasy football" or have otherwise been on the agency for comparators' limited personal use and have not been disciplined. However, it is not a violation of agency policy for members of the agency to use the computer for personal matters. The Plaintiff was disciplined because there were complaints that her shopping on eBay during duty time interfered with the performance of her duties. Indeed, New has admitted that while she was on eBay she could not assist in approving reports. The Plaintiff cannot establish a prima facie case of disparate treatment, therefore, based upon personal use of the computers by other members of the agency.[4]

---

[3]  Coe never endorsed estimating as an accepted practice in lieu of relying on deputies' statistical sheets when they are available. Furthermore, the sheets for the week of Nov. 26-Dec. 3 were available; Jenkins collected them and prepared a summary when New gave him the fabricated document which he would not submit.
[4]  For example, Plaintiff may argue that Whitney Burnett used the computer for personal reasons. However, because Capt. Love was unaware of any complaint concerning Burnett's use of the computer, no discriminatory treatment may be inferred. *See Jones,* 874 F.2d at 1542.

Even assuming that the Plaintiff established a prima facie case of disparate treatment, the Defendant has articulated a legitimate nondiscriminatory reason for her demotion. Defendant's burden is "exceedingly light". *Bicknell*, at *12.

Plaintiff, therefore, must prove that Defendant's proffered reasons are false and actually a pretext for intentional discrimination. *Id., citing Cooper v. Southern Co.*, 390 F.3d 695, 725 (11th Cir. 2004). In view of the documentary evidence of Plaintiff's substantial performance and misconduct, the Plaintiff's assertions of her good performance are not enough to defeat summary judgment, absent other evidence. *Holifield v. Reno*, 115 F.3d 1555, 1565 (11th Cir. 1997). Furthermore, an employee cannot succeed in defeating summary judgment by simply quarreling with the wisdom of the employer's reason for the adverse employment action. *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000).

In the present case there is no evidence to suggest pretext by Sheriff Oelrich. To prove a pretext claim, Plaintiff must show more then the Defendant's employment decisions were wrong, mistaken or unfair. Rather, she must show the decisions were motivated by her gender. *See Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1092 (11th Cir. 2004). *See also EEOC v. Total Systems Services, Inc.*, 221 F.3d 1171, 1176 (11th Cir. 2000) "[A]n employer . . . is entitled to rely on its good faith belief about falsity, concealment, and so forth."

With respect to Plaintiff's retaliation claim, there is no evidence to support knowledge by Oelrich of any complaints by New of discriminatory treatment. Plaintiff's failure to establish knowledge by Oelrich thus defeats her claim of retaliation. *See Brungart*, 231 F.3d at 799.

In the event that the Plaintiff establishes a prima facie case, Defendant has articulated a legitimate nondiscriminatory reason for the demotion. As previously argued, the sustained policy violations relating to job performance and untruthfulness amply satisfy Defendant's

burden. Further, as previously argued, there is no evidence to support a genuine issue of material fact regarding pretextual demotion.

## IV.    COURT SECURITY BUREAU/TERMINATION

The Plaintiff may allege that she was subject to gender discrimination following her reassignment to the Court Security Bureau when she was counseled on several occasions for job performance issues. The Plaintiff was counseled for entering an inmate cell block while wearing a firearm, standing too close to a criminal defendant at a podium, reading a book in the courtroom, using her cell phone at her working station, remaining seated when criminal defendants were standing at the podium, being tardy to work, and sitting rather than standing at the security stations at the entrance to the courthouse. Although the Plaintiff takes exception to these warnings, they do not constitute gender discrimination.

As previously stated, to establish a prima facie case of disparate treatment gender discrimination the Plaintiff must show both an adverse job action and that similarly situated male employees were treated more favorably. *See McCann*, 526 F.3d at 1373-1374. A prima facie case fails through the absence of any adverse job action or male comparators.

In Title VII discrimination cases, the Eleventh Circuit has held that to establish a prima facie case, plaintiff must demonstrate a tangible employment action which constitutes a significant change in employment status such as hiring, firing, failing to promote, reassignment with significantly different responsibilities or a decision causing a significant change in benefits. *Davis v. Town of Lake Park*, 245 F.3d 1232, 1239 (11th Cir. 2001).

Thus, in the present case to establish an adverse job action, the Plaintiff must show a serious and material change in the terms, conditions or privileges of her employment. *Id.*. The job memoranda in the present case do not meet this rigorous standard. The counseling

memoranda, otherwise known as employee observation reports, were remedial in nature and intended to memorialize counseling by supervisors. Similar job performance memoranda were reviewed in *Davis*, and the court held that the memoranda did not constitute adverse job action. *Id.* at 1241-43.

Furthermore, as previously stated, the Plaintiff must identify male comparators who engaged in similarly situated conduct. In each case, the Plaintiff was issued employee observation reports by Sgts. Briggette and DeCoursey. There is no evidence that DeCoursey or Briggette were aware of similar conduct by male officers who were not otherwise counseled for this conduct. Accordingly, the Plaintiff's prima facie case fails for lack of disparate treatment.

Although Plaintiff's termination in March 2007 would certainly constitute adverse employment action, this disparate treatment claim also fails due to the lack of male comparators. Plaintiff's misconduct which led to her termination in this case was particularly unique and egregious. Her disparagement of the Gainesville Police officers and repeated interaction with defense counsel, which resulted in an admonition by the court, were at a minimum unprofessional. Moreover, by presenting her gun side to the criminal defendant, New compromised the safety of every person in the courtroom.

Although the Plaintiff may complain that bailiff Joel Coppock had been disciplined for insubordination and other infractions but not terminated from his employment, his conduct is not sufficiently similar for Title VII purposes. As argued above, the misconduct for which the Plaintiff was discharged must nearly "identical" to the conduct of the purported comparator whom the Defendant retained. *McCann*, 526 F.3d at 1373 quoting *Nix v. WLCY Radio/Rahall Commc'ns.*, 738 F.2d 1181, 1185 (11th Cir. 1984). Coppock's repeated counseling and

discipline for insubordination hardly compare to the unprofessionalism and breach of security displayed by the Plaintiff during the suppression hearing.

In the event that a prima facie case exists, Defendant has clearly articulated a legitimate nondiscriminatory reason for the action taken.  The Plaintiff has never denied her misconduct, but rather offers no explanation for her repeated interaction with defense counsel.  Absent any genuine issue of material fact regarding pretext, summary judgment should be granted.  *See McCann, supra.*

Plaintiff's retaliation claim fares no better.  Although the counseling memoranda may arguably be considered adverse employment action for purposes of Defendant's Title VII retaliation claim under the *Burlington* standard, there is simply no other evidence to support such a claim.  Significantly, Sgts. Briggette and DeCoursey were unaware of any protected activity, including the EEOC charges, at the time they issued the employee observation reports.  It is incumbent upon the Plaintiff to establish knowledge of their protected activities.[5]  *See Raney,* 120 F.3d at 1197.

Further, if a prima facie case exists, Defendant has articulated legitimate nonretaliatory reasons for the action taken.  There is no evidence to suggest that the issuance of the employee observations reports by DeCoursey and Briggette were pretextual for retaliation.

Regarding the termination of her employment, Plaintiff's retaliation claim also fails.  Only the FCHR/ EEOC complaints of discrimination constitute protected activity.  Although Sheriff Darnell was aware that the Plaintiff had filed a charge, the Plaintiff must nonetheless prove that there is a causal relationship between the protected activity and her termination.  To meet this causal link, the Plaintiff must show that protected activity and the negative

employment action are not wholly unrelated. *Holifield v. Reno*, 115 F.3d 1555, 1566 (11th Cir. 1997).

It is obvious from the record in this case the Plaintiff's termination is completely unrelated to her charges of discrimination. The investigation in this case which led to her termination was initiated by Assistant State Attorney Richard Chang. Chang's complaint was investigated by DeCoursey, who recommended termination consistent with the disciplinary matrix. There is no evidence to establish knowledge by DeCoursey of any protected activity by the Plaintiff. Indeed, every supervisor in the chain of command recommended the Plaintiff's separation of employment.

Furthermore, there is no temporal proximity from the protected activity to the adverse job action which would establish causation. Notice of Plaintiff's initial EEOC charge was provided to Defendant on August 18, 2006. Plaintiff was not terminated from her employment until March 30, 2007, eight months after notice to Defendant of her charge. The Eleventh Circuit has held that in the absence of any other evidence of causation, a seven-month lapse from the protected activity until the adverse job action is insufficient to establish causation. *Wallace v. Georgia Dept. of Transp.*, 212 Fed.Appx. 799, 802 (11th Cir. 2006).

Although Plaintiff may argue that the counseling administered by Sgt. DeCoursey and Sgt. Briggette was evidence of retaliation, neither supervisor was aware of any complaint or charge of discrimination by the Plaintiff. Without knowledge there can be no retaliation. *See Brungart*, 231 F.3d at 799.

Plaintiff will likely contend that her subsequent charges dated January 30, 2007 and March 13, 2007 establish temporal proximity to her termination. However, both charges were

---

[5]   The performance evaluation dated June 13, 2006, and the employee observation reports dated August 14, 2006 and August 18, 2006 could not have been retaliatory for the EEOC charges because they preceded Defendant's

filed after Chang complained and DeCoursey commenced his investigation. Defendant was not precluded from continuing the investigation and taking appropriate action merely because Plaintiff filed her charges. *See Clark County School District v. Breeden*, 532 U.S. 268, 272 (2001) (holding that employers "need not suspend previously planned [actions] upon discovering [protected activity] and their proceeding along lines previously contemplated, though not yet definitively determined, is no evidence whatever of causality.")

Even if a prima facie case exists, Defendant has articulated legitimate nondiscriminatory reasons for Plaintiff's termination. As previously stated, Plaintiff's misconduct during the suppression hearing, while on disciplinary probation, is uncontroverted. Defendant is entitled to summary judgment due to the absence of any genuine issue of material fact concerning pretext. As in *Holifield*, Defendant's evidence of a legitimate nondiscriminatory reason for its action is "so strong as to rebut completely the inference raised by the plaintiff of a prima facie case of retaliation." 115 F.3d at 1567.

## V.    FLORIDA CIVIL RIGHTS ACT

The Plaintiff has also asserted claims of discrimination and retaliation under the Florida Civil Rights Act, Section 760.10 *et seq.*, Fla.Stat. The FCRA was patterned after Title VII and case law construing Title VII is applicable to FCRA claims. *The Florida State University v. Sondel*, 685 So.2d 923, 925 (Fla. 1st DCA 1996). Thus, for the reasons advanced above in relation to Plaintiff's discrimination and retaliation claims under Title VII, Defendant is also entitled to prevail on the FCRA claims.

---

receipt of the notice of Plaintiff's first charge of discrimination.

48566-1

Respectfully submitted on this 16th day of September 2008.

/s/ R. W. Evans
R. W. Evans
Florida Bar No. 0198862
Robert E. Larkin III
Florida Bar No. 0160814
ALLEN, NORTON & BLUE, P.A.
906 North Monroe Street
Tallahassee, Florida 32303
Tel: (850) 561-3503
Fax: (850) 561-0332

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 16, 2008, I electronically filed this document

by using the CM/ECF system, which will send a notice of electronic filing to Marie A. Mattox,

Esq., MARIE A. MATTOX, P.A., 310 East Bradford Road, Tallahassee, Florida 32303.

/s/ R. W. Evans
R. W. EVANS

48566-1