IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KATHLEEN NEW,

    Plaintiff,

v.                                                 CASE NO.: 1:07cv162-SPM/AK

SADIE DARNELL, in her official
capacity as Sheriff of Alachua County,

    Defendant.

_____/

## ORDER ON MOTION IN LIMINE

Upon consideration of Defendant's Motion in Limine (doc. 83) and memorandum (doc. 84), Plaintiff's response (doc. 92), and the arguments made by the attorneys at the 2:00 p.m. conference on Thursday, July 23, 2009, the Court rules as follows:

**1.  Comparators**

Plaintiff has identified 25 comparators that she intends to use to prove her claim of disparate discipline and retaliation. From the information provided, the Court is unable to determine that the comparators are "nearly identical" which is the standard adopted by the Eleventh Circuit. Nevertheless, Plaintiff may present evidence to show that her discipline was "so unfairly discriminatory that

no reasonable person would find it non-actionable." McCann v. Tillman, 526 F.3d 1370, 1374 n.4 (11th Cir. 2008). To this end, the Court will allow Plaintiff to select seven among the twenty-five witnesses she has identified. Plaintiff shall advise defense counsel and the Court by 10:00 a.m. tomorrow which witnesses she has selected.

### 2. Computer Usage of Other Employees

The contention that Plaintiff was singled-out for her computer usage, although it was common for other employees to use the computer for non-work related activities such as fantasy football, is probative of her claim of disparate treatment and retaliation. Accordingly, the motion in limine as to the computer usage is denied.

### 3. Career Service Board

Plaintiff contends that neither she nor her attorney were notified of the Career Service Board hearing. The Sheriff's decision to deny a continuance of the hearing under the circumstances may be deemed a discriminatory or retaliatory act and is probative of animus. Accordingly the motion in limine as to the Career Service Board matter is denied.

### 4. Claire Noble[1]

Evidence concerning Claire Noble's past disciplinary issues is probative of

---

[1] Plaintiff clarified at the July 23, 2009, hearing that evidence about Sheriff Darnell and David Huckstep would be used for rebuttal only.

CASE NO.: 1:07cv162-SPM/AK

Plaintiff's claim of discrimination and retaliation; specifically as it relates to the appropriateness of assigning Claire Noble to monitor or otherwise work closely with Plaintiff. Accordingly, the motion in limine as to Claire Noble is denied.

5. **May 2008 Policy**

Evidence concerning the May 2008 policy regarding internet use at the Sheriff's office is not relevant to Plaintiff's discipline in 2005 and 2006. Accordingly, the motion in limine is granted and no evidence shall be presented at trial regarding the May 2008 policy. Plaintiff may, however, present evidence that there was no policy on internet use in 2005 and 2006, when she was disciplined.

6. **Sheriff Darnell's Deposition Statement**

Standing alone, Sheriff Darnell's statement about her reasons for promoting Josh Crews despite a civil jury verdict is not relevant to Plaintiff's claims. The statement may be used for impeachment purposes if Sheriff Darnell is questioned about Josh Crews and provides an inconsistent response. Accordingly, the motion in limine is granted, subject to use of the statement for impeachment.

DONE AND ORDERED this 23rd of July, 2009.

                                        *s/ Stephan P. Mickle*
                                        Stephan P. Mickle
                                        Chief United States District Judge