UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**KATHLEEN NEW,**          CASE NO. 1:07cv162-SPM/AK

    **Plaintiff,**

vs.

**SADIE DARNELL, in her official capacity
as Sheriff of Alachua County, Florida,**

    **Defendant.**
_____/

**PLAINTIFF'S MOTION FOR NEW TRIAL OR RELIEF FROM JUDGMENT
AND FOR EVIDENTIARY HEARING**

    Plaintiff, KATHLEEN NEW, through her counsel, pursuant to Rule 59, Fed.R.Civ.P., files this her Motion for New Trial or Relief from Judgment and for Evidentiary Hearing and states the following in support thereof:

    1.    A jury verdict was rendered on July 31, 2009 in favor of the Defendant. Plaintiff is filing this Motion to preserve her right to request a new trial if it is determined that there was juror misconduct.

    2.    The Plaintiff has obtained information that suggests that one or possibly two of the jurors may not have made material disclosures that would have made a difference to the Plaintiff during voir dire.

3.     Specifically Juror 0114, James Howard Hope, has an aunt, Denise Polk Roberts, who currently or previously worked for the Defendant.  It is believed that Ms. Roberts worked for the current Sheriff and has worked for the Office of the Sheriff of Alachua for around 30 years.  It is further believed that Juror 0114 may know Defendant Darnell personally due to his aunt's employment with the Office of the Sheriff and/or through his own employment.  Juror 0114 also knew a witness for the Plaintiff, Robin Newman, which was not disclosed during voir dire.  Mr. Newman and Juror 0114 knew each other growing up and this nondisclosure appears to have been intentional.

4.     It is further believed that Juror 0129, Robert A. Christianson, may also know Sheriff Darnell because of his work with the St. Johns River Water Management District.  Juror 0129 is a Director within the Water Management District that has had interactions with and financial dealings with the Florida Sheriff's Association.  Juror 0129 appears to have been involved in contracts and/or bids with the Florida Sheriff's Association of which Sheriff Darnell is a director.

5.     Juror 0128, Diana McKinnon-Manetz is sought to be interviewed because when she was polled, it appeared that she was not supportive of the verdict and Plaintiff seeks to interview her to determine if there was extraneous prejudicial information that was improperly brought to her attention or whether any outside influence was improperly brought to bear upon her.

2

6. Plaintiff believes that grounds for legal challenge to the verdict in this cases exists because of relationships between Jurors 0114 and 0129 and Sadie Darnell. Through this Motion, Plaintiff is seeking a new trial and an evidentiary hearing based on possible juror misconduct. Plaintiff is requesting a hearing to investigate the possible juror misconduct. Plaintiff requests that she be permitted to interview jurors as requested in her contemporaneously filed Motion to Interview Jurors and that she be permitted to obtain the confidential questionnaires for Jurors 0114 and 0129 for the reasons set forth in Plaintiff's Motion for Release of Juror Questionnaires.

7. Counsel for Defendant will be consulted on August 11, 2009 to determine his position on this Motion and the Court will be promptly advised of his position.

## MEMORANDUM OF LAW

A hearing should be held to investigate the possibility that Jurors 0114 or 0129 failed to answer honestly a material question during voir dire. See McDonough Power Equipment, Inc. v. Greenwood, 104 S. Ct. 845, 850 (1984); McCoy v. Goldston, 652 F. 2d 654 (6th Cir. 1981)(evidentiary hearing on juror's alleged failure to disclose information during voir dire must be granted when the movant has alleged facts which establish prima facie case of impropriety and any doubt should be resolved in favor of granting the motion for evidentiary hearing); Vezina v. Theriot Marine Service, Inc., 554 F. 2d 654 (5th Cir. 1977)(same). Implied bias may also provide a basis for relief from a

verdict under certain circumstances. Smith v. Phillips, 455 U.S. 209, 215, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1982); see also United States v. Wood, 299 U.S. 123, 133, 57 S. Ct. 177, 81 L.Ed. 78 (1936)("The bias of a prospective juror may be actual or implied; that is, it may be bias in fact or bias conclusively presumed as a matter of law.").

New trials have been granted when jurors did not disclose a prior, personal acquaintance with a defendant. United States v. Perkins, 748 F. 2d 1519, 1532-33 (11th Cir. 1984)(new trial granted when juror failed to reveal during voir dire that he served on a committee with the defendant and thus personally knew him); United States v. Bynum, 634 F. 2d 768, 770-1 (4th Cir. 1980)(new trial required when juror, "because he was ashamed", did not disclose that his brother was a convicted felon). Moreover, prejudice may be conclusively inferred as a matter of law from some nondisclosures. United States v. Nadine, 471 F. 2d 340 (5th Cir.), cert. denied, 411 U.S. 951, 93 S. Ct. 1924, 36 L.Ed. 2d 414 (1973).

Plaintiff maintains that juror interviews may show the deliberate concealment or purposefully incorrect responses during voir dire that will suffice to show a prejudicial impairment of her right to exercise peremptory challenges. Plaintiff respectfully requests that a hearing be held on possible juror concealment during voir dire.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, FL 32303
(850) 383-4800 (telephone)
(850) 383-4801 (facsimile)

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by CM/ECF filing only this 10th day of August, 2009 to R.W. Evans, Allen, Norton & Blue, 906 North Monroe Street, Tallahassee, FL 32303-6143.

/s/ Marie A. Mattox
Marie A. Mattox