**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

KATHLEEN NEW,

    Plaintiff,

v.                                    Case No.: 1:07-cv-00162-SPM-AK

SADIE DARNELL, in her official
Capacity as Sheriff of ALACHUA
COUNTY, FLORIDA,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL OR RELIEF FROM JUDGMENT AND FOR EVIDENTIARY HEAERING, MOTION TO INTERVIEW JURORS, AND MOTION FOR RELEASE OF JUROR QUESTIONNAIRES

This cause comes before the Court pursuant to three post-trial motions filed by Plaintiff Kathleen New ("Plaintiff"). Plaintiff filed a Motion for New Trial or Relief from Judgment and for Evidentiary Hearing (doc. 138), Motion to Interview Jurors (doc. 139), and Motion for Release of Juror Questionnaires (doc. 140). Defendant Sadie Darnell ("Defendant") filed a response in opposition (doc. 145). Subsequently, Plaintiff filed a Supplement to Motion for New Trial or Relief from Judgment (doc. 149). For the reasons set forth below, the Court denies Plaintiff's motions.

## Background

On July 31, 2009, a jury rendered a verdict in favor of Defendant in an employment discrimination case. Plaintiff now suggests that two of the jurors did not make material disclosures during voir dire and that these nondisclosures affect the validity of the jury's verdict.

In particular, Plaintiff asserts that juror James Howard Hope ("Hope") failed to disclose that his aunt, Denise Polk Roberts, currently or previously worked for Defendant. Plaintiff posits that Hope may know Defendant personally as a result of his aunt's employment. Plaintiff further suggests that Hope may know Defendant as a result of Hope's own employment with Gainesville Regional Utilities. In addition to knowing Defendant, Plaintiff claims that Hope knows Plaintiff's witness Robin Newman and did not disclose this fact during voir dire. Finally, Plaintiff asserts that Hope did not truthfully answer voir dire questions concerning Hope's role in an employment discrimination investigation.

Plaintiff questions the veracity of juror Robert A. Christianson ("Christianson") as well. Plaintiff claims that Christianson may know Defendant through his work with the St. Johns River Water Management District because the District has had interactions and financial dealings with the Florida Sheriff's Association, of which Plaintiff serves as director.

Finally, Plaintiff seeks to interview a third juror, Diana McKinnon-Manetz ("Manetz") because she appeared "not supportive of the verdict" when polled at

the close of the case. Plaintiff seeks to determine whether any extraneous prejudicial information or outside influence affected Manetz's deliberations.

Based on these allegations, Plaintiff moves the Court to release juror questionnaires, interview jurors, and grant Plaintiff an evidentiary hearing and new trial.

**Motions for Juror Interviews and Release of Juror Questionnaires**

District courts have broad discretion in deciding whether to grant a new trial based on juror misconduct and in the methods used to gather evidence to weigh the new trial motion. Maldonado v. Mo. Pac. Ry. Co., 798 F.2d 764, 769 (5th Cir. 1986). "It hardly bears repeating that courts are, and should be, hesitant to haul jurors in after they have reached a verdict in order to probe for potential instances of bias, misconduct, or extraneous influences." United States v. Moon, 718 F.2d 1210, 1234 (2d Cir. 1983). A party seeking to question jurors post-verdict must make a "preliminary showing of misconduct." Maldonado, 798 F.2d at 769 (quoting Wilkerson v. Amco Corp., 703 F.2d 184, 186 (5th Cir. 1993)). In the current instance, Plaintiff has not supported her allegations of misconduct with affidavits or other evidence of wrongdoing. Thus, having failed to make the requisite preliminary showing, the Court denies Plaintiff's motion to interview jurors (doc. 139). The Court similarly denies Plaintiff's motion for release of juror questionnaires (doc. 140).

## Motion for Evidentiary Hearing

No per se rule requires the trial court to investigate the internal workings of the jury whenever a party asserts jury misconduct. United States v. Cuthel, 903 F.3d 1381, 1382-83 (11th Cir. 1990). "The duty to investigate arises only when the party alleging misconduct makes an adequate showing of extrinsic influence to overcome the presumption of impartiality." Id. (quoting United States v. Ianniello, 866 F.2d 540, 543 (2d Cir. 1989)). In fact, Courts ordinarily decide a motion for new trial upon affidavits without an evidentiary hearing. United States v. McKinney, 312 F. App'x 247, 248 (11th Cir. 2009). To justify a post-trial hearing a party "must do more than speculate; he must show 'clear, strong, substantial and incontrovertible evidence . . . that a specific, nonspeculative impropriety has occurred.'" Cuthel, 903 F.2d at 1383 (quoting United States v. Ianniello, 866 F.2d 540, 543 (2d Cir. 1989)). As a practical matter, only unique circumstances, such as allegations of jury tampering, warrant the imposition of an evidentiary hearing. McKinney, 312 F. App'x at 249. Plaintiff has not alleged any unique circumstances and has similarly failed to substantiate her allegations of misconduct with "clear, strong, substantial and incontrovertible evidence." For these reasons, the Court denies Plaintiff's motion for evidentiary hearing.

## Motion for New Trial

Courts treat motions for new trial based on juror misconduct as motions for new trial based on newly discovered evidence. McKinney, 312 F. App'x at 249. "Motions for a new trial based on newly discovered evidence are highly

disfavored in the Eleventh Circuit and should be granted only with great caution." Id. "[T]o obtain a new trial based on newly discovered evidence, the movant must establish that the evidence was discovered after trial and that the failure to discover the evidence prior to the jury verdict was not due to a lack of due diligence." United States v. Stacy, 337 F. App'x 837, 839 (11th Cir. 2009). A party waives a juror misconduct claim if the party learns of the basis for the claim during trial and fails to bring it to the court's attention before the jury renders its verdict. Id.

Plaintiff has not proven that she discovered the grounds for her jury misconduct claims after the jury rendered its verdict. However, for the reasons set forth below, Plaintiff's claims lack merit even assuming the timeliness of her filings.

To obtain a new trial based on inaccurate juror responses during voir dire, a party must first demonstrate that a juror failed to answer honestly a material question and then further show that a correct response would have provided a valid basis for a challenge for cause. McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 556 (1984). The first prong of the McDonough test requires the court to determine whether the juror knew that he or she gave false answers. BankAtlantic v. Blythe Eastman Paine Webber, Inc., 955 F.2d 1467, 1473 (11th Cir. 1992). In other words, the court must inquire into the juror's honesty. Id. The second prong of the test, that a correct response must have provided a valid basis for a challenge for cause, requires a showing of actual

bias. Id. A party can show actual bias in two ways: "by express admission or by proof of specific facts showing such a close connection to the circumstances at hand that bias must be presumed." United States v. Perkins, 748 F.2d 1519, 1532 (11th Cir. 1984) (quoting United States v. Nell, 526 F.2d 1223, 1229 (5th Cir. 1976)).

The Eleventh Circuit has described presumed bias as "situations in which the circumstances point so sharply to bias in a particular juror that even his own denials must be discounted in ruling on a challenge for cause." Perkins, 748 F.2d at 1532 n.14. For example, the Perkins court found presumed bias where the juror gave inconsistent statements about knowing the defendant and failed to disclose his involvement in two lengthy and prominent lawsuits. Id. at 1531-32. The juror gave no indication of knowing the defendant during voir dire, yet admitted to serving on a committee with the defendant during jury deliberations. Id. During the post-trial hearing the juror again "forgot" about his association with the defendant and remembered the relationship again at a later time. Id. The juror similarly claimed that he had forgotten about his involvement in two prior lawsuits, despite the fact that he acted as a defendant in one case that lasted for six years. Id. at 1532. Two character witnesses impeached the juror's testimony in the highly-publicized second case, yet the juror claimed a lack of knowledge with respect to this lawsuit as well. Id.

Plaintiff has not established that Christianson and Hope answered material voir dire questions dishonestly, nor has Plaintiff alleged facts that would establish

a valid basis for a challenge for cause. To begin, Plaintiff complains only of a possible and speculative relationship between Christianson and Defendant. Plaintiff suggests that because Christianson and Defendant each have ties to separate organizations, which organizations have interacted with one another, Christianson and Defendant must know one other. Such an assumption does not logically follow. Moreover, Defendant has produced affidavits showing that neither Christianson nor Defendant had any involvement with the business dealings referenced by Plaintiff. Even if Christianson and Defendant had knowledge of one another, Plaintiff has not alleged that the relationship bore "such a close connection" to the case that Christianson must have acted with impartiality. See Perkins, 748 F.2d at 1532. In fact, Plaintiff has adduced no evidence hinting of bias.

Plaintiff alleged similarly speculative claims of bias with respect to Hope. Plaintiff first claims that Hope knows Defendant through Hope's aunt, who allegedly worked for Defendant and the Office of the Sheriff of Alachua. The Sheriff's Office has no record of employment for Hope's aunt and Plaintiff has otherwise failed to establish a connection between Hope's aunt and Defendant. Plaintiff next asserted that Hope knows Defendant through his own employment with Gainesville Regional Utilities, yet Plaintiff has similarly failed to substantiate this claim. Again, even if Plaintiff could prove the existence of these relationships, Plaintiff has provided no evidence of bias on the part of Hope.

As a second allegation of misconduct against Hope, Plaintiff contends that Hope knew Plaintiff's witness Robin Newman ("Newman") and did not disclose this fact during voir dire. Plaintiff provides no factual basis for this representation, but even the existence of such a relationship would not have impacted Plaintiff's juror selection. Newman did not act as a fact witness in this case and instead limited his testimony to the damages Plaintiff suffered. In contrast, Hope disclosed during voir dire that he has known one of Plaintiff's fact witnesses since high school. Despite this disclosure, Plaintiff failed to exercise a challenge to strike Hope from the jury. Plaintiff cannot complain post-trial that Hope is biased because of an unsubstantiated relationship with a witness when Plaintiff ignored an analogous relationship during voir dire. See United States v. Stacy, 337 F. App'x 837, 839 (11th Cir. 2009) ("A [party] waives a juror misconduct claim if he learns of the basis for such claim during trial and fails to bring it to the court's attention before the jury renders its verdict.").

Plaintiff presents a final argument of juror misconduct in the Supplement to Motion for New Trial (doc. 149), arguing that Hope concealed facts during voir dire that related to Hope's involvement in a harassment or discrimination investigation. During voir dire, the Court asked potential jurors "Have any of you played a role in any investigation of a harassment or discrimination type case?" (doc. 149-1, p. 19). Hope did not respond to this question, and Plaintiff claims that this non-response demonstrates concealment. Specifically, Plaintiff points to an EEOC complaint filed in 2007 by Kevin Louder ("Louder"), an employee of

Gainesville Regional Utilities ("GRU"). (see doc. 149-2). Hope works with GRU as well and Louder mentioned Hope's name in the complaint.

As an initial matter, Louder did not direct his charge of discrimination against Hope and instead merely identified Hope as one of his two supervisors. (see doc. 149-2) ("Every time that I complete a task, I have to call my supervisors (Luther & Jaime [Hope])."). Merely recognizing Hope in his employment capacity does not support Plaintiff's claim of misconduct; Hope himself made Plaintiff aware of his management position at GRU. (see doc. 149-2) ("My name is Jaime Hope. I currently work for Gainesville Regional Utilities as a division head with wastewater treatment and I'm responsible for the hiring and firing of employees.").

Moreover, even assuming that Hope did in fact play a role in the investigation of Louder's case, Plaintiff has failed to establish that Hope could not act objectively in jury deliberations. A juror's involvement with an analogous case does not, standing alone, satisfy the actual bias standard. See, e.g., Vezina v. Theriot Marine Serv., Inc., 610 F.2d 251 (5th Cir. 1980) (holding that a personal injury plaintiff received a fair trial despite the inclusion of a juror who had a personal injury lawsuit pending against her). Furthermore, Louder's claim against GRU involved race discrimination whereas Plaintiff's claim in the current action involved sex discrimination; the dissimilar nature of the claims supports Hope's assessment that he could act impartially. (see doc. 149-2, p. 20-21). In sum, Plaintiff's allegations fail to establish "such a close connection to the

circumstances at hand" that the Court must presume bias.  See <u>United States v. Perkins</u>, 748 F.2d 1519, 1532 (11th Cir. 1984).

Because Plaintiff has failed to demonstrate material dishonesty on the part of jurors and has failed to establish that such dishonesty warranted a challenge for cause, the Court denies Plaintiff's motion for new trial (doc. 138).

Based on the foregoing, it is ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for New Trial or Relief from Judgment and for Evidentiary Hearing (doc. 138) is DENIED.
2. Plaintiff's Motion to Interview Jurors (doc. 139) is DENIED.
3. Plaintiff's Motion for Release of Juror Questionnaires (doc. 140) is DENIED.

DONE AND ORDERED this 24th day of March, 2010.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge